NOEL J. SHUMWAY, ESQ. (SBN 142897)
PATRICK C. WILSON, ESQ. (SBN 100487)
SCHOOL AND COLLEGE LEGAL SERVICES OF CALIFORNIA
5350 Skylane Boulevard
Santa Rosa, California 95403
(707) 524-2690
(707) 578-0517 FAX
pwilson@sclscal.org

Attorneys for Defendant SONOMA COUNTY JUNIOR COLLEGE DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROJECT DEVELOPMENT GROUP, INC., a Pennsylvania corporation<br><br>　　Plaintiff,<br><br>vs.<br><br>SONOMA COUNTY JUNIOR COLLEGE DISTRICT, of the County of Sonoma, State of California,<br><br>　　Defendant. | CASE NO: C 07-02987 JL<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE, TO DISMISS FOR FAILURE TO STATE A CLAIM AND TO STRIKE THE PRAYER FOR PUNITIVE DAMAGES; AND POINTS AND AUTHORITIES IN SUPPORT OF SAME** |

TO PLAINTIFF AND ITS ATTORNEY OF RECORD:

　　Please take notice that the defendant hereby moves to dismiss and to strike the Complaint as set forth below. Because the defendant is concurrently filing a Declination and anticipates that this matter will be reassigned, the date, time and place of the hearing on the motion will be provided by later notice.

-1-

NOTICE OF MOTION AND MOTION TO
DISMISS FOR IMPROPER VENUE, ETC.
C 07-02987JL

1. **Motion To Dismiss For Improper Venue Pursuant To Rule 12(b)(3).**

This motion is based on the forum selection clause in the contract which provides that proper venue shall be in Sonoma County, California. The relevant contract provision is attached to the Declaration of Patrick C. Wilson filed herewith. The defendant requests that the complaint be dismissed without prejudice.

2. **Motion To Dismiss For Failure To State A Claim Pursuant To Rule 12(b)(6).**

(a) Plaintiff's claims arise under California law. The complaint fails to state a claim because the plaintiff has failed to allege compliance with the California Government Claims Act.

(b) The cause of action for "unjust enrichment and quantum meruit" (paragraphs 43, 44, and 45) fails to state a claim because such claims are not cognizable against a California public agency.

3. **Motion To Strike The Punitive Damages Allegation Pursuant to Rule 12(f).**

Plaintiff seeks punitive damages against the defendant (paragraph 46). California Government Code section 818 provides that punitive damages are not recoverable against a public agency. Accordingly, the punitive damages allegation must be stricken.

This motion is based on this document, the Memorandum of Points and Authorities, the Declaration of Patrick C. Wilson, the pleadings on file in this case, and such other matters as may be considered by the Court.

/

/

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION TO DISMISS AND TO STRIKE

## I.

## INTRODUCTION

Plaintiff Project Development Group, Inc. has sued the Sonoma County Junior College District in Federal Court with regard to a contract dispute that relates to the removal of asbestos from the Plover Library located on the campus of Santa Rosa Junior College in Sonoma County, California. As discussed below, the Complaint is deficient and must be dismissed.

## II.

## THIS CASE SHOULD BE DISMISSED BECAUSE VENUE LIES EXCLUSIVELY IN SONOMA COUNTY, CALIFORNIA

The parties may by contract designate the forum in which any litigation may be filed. Federal law governs the applicability of a forum selection clause. *Manetti-Farrow, Inc. v. Gucci America Inc.* (9th Cir. 1988) 858 F. 2d 509, 513.

Under federal law, forum selection clauses are presumed valid, even if part of a form contract. The party challenging the forum selection clause bears a heavy burden to justify setting aside the contract provision. *Carnival Cruise Lines, Inc. v. Shute* (1991) 499 U.S. 585, 593-5.

In this case, the Contract documents included the following forum selection clause, which was provided to all bidders prior to bid opening:

"In the event of litigation, the bid documents, specifications and related matters shall be governed by and construed in accordance with the laws of the State of California. **Venue shall be with the appropriate state or federal court located in Sonoma County, California.**" (Emphasis added.)[1]

It is not surprising that the Contract provided that venue shall be in Sonoma County for any litigation since the Contract was to be performed in the County and many of the witnesses and documents are located in the County. The plaintiff, a sophisticated nation-wide corporation[2], was aware of the venue clause before it bid the job (since it was included in the notice to all bidders) and it elected to bid the job anyway. The venue clause is reasonable and must be enforced.

In *Docksider, Ltd. v. Sea Technology, Ltd.* (9th Cir. 1989) 875 F.2d 762, 764, the Ninth Circuit upheld a venue clause similar the clause in this case. The contract at issue in *Docksider* provided that "venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia." The Court held that this was a mandatory forum selection clause because the term "venue" was used along with the mandatory word "shall." As a result, the Court affirmed the dismissal of the diversity action since it was filed in the wrong forum.

The same result is required here: the parties agreed that venue for any litigation shall be in Sonoma County, California. Since the plaintiff filed its complaint in the wrong forum, this action should be dismissed without prejudice.

---

[1] See the Wilson Declaration at Exhibit 1 at paragraph 25.

[2] See the plaintiff's website at www.pdge.com.

## III.

## THIS CASE SHOULD ALSO BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO ALLEGE COMPLIANCE WITH THE CALIFORNIA GOVERNMENT CLAIMS ACT

California Government Code section 945.4 provides that:

> "[n]o suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefore has been presented to the public entity and has been acted upon . . . or has been deemed to have been rejected . . . ."

Such a claim is required for every demand for "money or damages" against a public entity, except for the enumerated exceptions in Government Code section 905, none of which applies to this case.

The submission of a claim to a public entity pursuant to the Government Claims Act is a condition precedent to a civil action and the failure to present the claim bars the action. *E.g. Lozada v. City and County of San Francisco* (2006) 145 Cal. App. 4th 1139, 1151.

Here, despite the fact that plaintiff is seeking money and damages from a public entity, the plaintiff has failed to allege compliance with the California Government Claims Act. As a result, the Complaint must be dismissed.

## IV.

## THE CAUSE OF ACTION FOR UNJUST ENRICHMENT AND QUANTUM MERUIT MUST BE DISMISSED

In paragraphs 43-45 of the Complaint, plaintiff seeks damages for unjust enrichment and quantum meruit. However, California law provides that such quasi-contract theories may not be asserted against a public entity. *North Bay Construction, Inc. v. City of Petaluma* (2006) 143 Cal.

App. 4th 552, 563-4; *Lundeen Coatings Corporation v. Department of Water and Power etc.* (1991) 232 Cal. App. 3d 816, 831 n. 9. As a result, the quasi-contract claims must be dismissed.

V.
## THE PUNITIVE DAMAGES ALLEGATION MUST BE STRICKEN

In paragraph 46 of the Complaint, plaintiff seeks punitive damages against the College District, a public entity. Punitive damages are not recoverable against a public entity. California Government Code section 818. The punitive damages allegation must be stricken.

VI.
## CONCLUSION

The Complaint must be dismissed because the plaintiff has filed the action in the wrong forum. In addition, the plaintiff has failed to allege compliance with the Government Claims Act and the Complaint must be dismissed on that basis as well. The quasi-contract theories fail to state a claim and must be dismissed. The punitive damages allegation is barred by Government Code section 818 and must be stricken.

Dated: July 17, 2007.

SCHOOL AND COLLEGE LEGAL SERVICES
OF CALIFORNIA

By: *[signature]*
Patrick C. Wilson
Attorneys for Defendant Sonoma County
Junior College District

-6-
NOTICE OF MOTION AND MOTION TO
DISMISS FOR IMPROPER VENUE, ETC.
C 07-02987JL