STEVEN D. MEACHAM, Esq.
California Bar No. 169977
PEEL BRIMLEY, LLP
3333 E. Serene Avenue, Suite 200
Henderson, Nevada 89074
Phone: (702) 990-7272
Fax: (702) 990-7273
Email: smeacham@peelbrimley.com

Attorneys for Plaintiff Project
Development Group, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROJECT DEVELOPMENT GROUP, INC., a Pennsylvania corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SONOMA COUNTY JUNIOR COLLEGE DISTRICT, of the County of Sonoma, State of California,<br><br>Defendant. | CASE NO.: C 07-02987 WHA<br><br>OPPOSITION TO DEFENDANT'S MOTION TO DISMISS |

COMES NOW plaintiff Project Development Group, Inc. ("PDG"), a Pennsylvania corporation, and by and through the undersigned counsel of record does hereby respond to and oppose the Defendant's motion to dismiss.

### MEMORANDUM OF POINTS AND AUTHORITIES

The Defendant's motion to dismiss must be denied for the following reasons:

1. Venue is proper because the permissive forum selection clause clearly intends that a dispute between the parties may be heard in the federal district court having jurisdiction over Sonoma County, which is this Court;

2. Plaintiff has fully and/or substantially complied with the notice of claim provisions of the Government Claims Act; and

3. Plaintiff hereby stipulates that the causes of actions stated in its Complaint for Damages in paragraphs 43 through 46 should be stricken and moves the Court for an order granting leave to amend the Complaint for Damages by striking paragraph 43 through, and including, paragraph 46.

### A. VENUE IS PROPER WHEN DEFENDANT'S PUBLIC WORKS CONTRACT FORUM SELECTION CLAUSE IS PERMISSIVE AND AMBIGUOUS

The Court must deny Defendant's motion to dismiss under Rule 12(b)(3) for improper venue when the subject forum selection clause is permissive, i.e. jurisdiction and venue are not exclusive to the state court located in Sonoma County, and because this Court is not empowered to interpret the ambiguous forum selection clause written by Defendant.

1. LEGAL STANDARD: ALL FACTS MUST BE INTERPRETED IN PLAINTIFF'S FAVOR AND FEDERAL LAW APPLIED.

Similar to the summary judgment standard, the Court must draw all reasonable inferences and resolve all factual issues in Plaintiff's favor, and the Court must apply the federal law to all of the facts interpreted in Plaintiff's favor.

> Fed.R.Civ.P. 12(b)(3) permits a defendant to move to dismiss for improper venue. 28 U.S.C. § 1391(a) provides, in relevant part, that a diversity action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1406(a) provides "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

*Softwareworks Group, Inc. v. IHosting, Inc.*, 2006 WL 2850026 (N.D.Cal. 2006). Plaintiff's action is properly filed in the judicial district that includes Sonoma County, California.

> A motion to enforce a forum selection clause is treated as a motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). *Kukje Hwajae Ins. Co., Ltd. v. M/V Hyundai Liberty*, 294 F.3d 1171, 1174 (9th Cir.2002), vacated on other grounds, 543 U.S. 985, 125 S.Ct. 494, 160 L.Ed.2d 368 (2004). Consequently, the

pleadings need not be accepted as true, and facts outside the pleadings properly may be considered. Id. Nonetheless, the trial court must draw all reasonable inferences and resolve all factual conflicts in favor of the non-moving party. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir.2004). The enforceability of the forum selection clause is determined according to federal law. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir.1996).

*American Home Assurance Company v. TGL Container Lines, Ltd.*, 347 F.Supp.2d 749, 755 (N.D. Cal., 2004).

Under this standard, the Court must find that Defendant's forum selection clause, as written, actually provides for venue with this Court, that the forum selection clause is permissive, and that the forum selection clause is ambiguous and not enforceable in the manner proposed by Defendant.

2. THE FORUM SELECTION CLAUSE CONTAINED IN DEFENDANT'S PUBLIC WORKS CONTRACT IS PERMISSIVE

The issue before the Court is whether the forum selection clause in Defendant's public works contract is "permissive" or "exclusive." Defendant's forum selection clause at issue states, "Venue shall be with the appropriate state or federal court located in Sonoma County, California." [1]

Defendant drafted this forum selection clause, which provides that "venue shall be with the appropriate state *or federal court* [2] located in Sonoma County," knowing full well that the Federal Court for the Northern District of California is the proper federal judicial district with jurisdiction over matters arising in Sonoma County, California. Defendant's language stating that either a state court **or the federal court** has jurisdiction over this matter does not grant exclusive jurisdiction in a state court in Sonoma County, California, as Defendant now argues.

A forum selection clause is permissive unless the clause provides that jurisdiction and venue shall be in a specific court within a specific venue to the exclusion of all other potential appropriate courts.

---

[1] See, Wilson Declaration at Exhibit 1, paragraph 25.

[2] Emphasis added.

Opposition to Motion to Dismiss - 3

> There are two types of forum selection clauses, mandatory and permissive. While mandatory forum selection clauses contain language such as "exclusive" or "only," permissive clauses do not preclude the action from being litigated in another court. See *Kachal, Inc. v. Menzie*, 738 F.Supp. 371, 373 (D.Nev.1990).

*Softwareworks Group, Inc. v. IHosting, Inc.*, 2006 WL 2850026 (N.D.Cal. 2006).

In our case, the contract written by Defendant's contract does not provide that a particular court in a particular location has jurisdiction to the exclusion of all other courts. In fact, Defendant's contract specifically contemplates that jurisdiction and venue are proper with this Court when it plainly states that venue is proper in the "appropriate state **or federal court** located in Sonoma County, California." Defendant does not provide that venue is exclusive in the state court located in Sonoma County, California. The only federal judicial district having proper venue over matters arising in Sonoma County, California, is the court where Plaintiff filed its action.

*Hunt Wesson Foods, Inc. v. Supreme Oil Company*[1] is the seminal case in the Ninth Circuit on the issue of whether a forum selection clause is exclusive or permissive. The forum selection clause in *Hunt Wesson* stated as follows:

> [the] Buyer and Seller expressly agree that the laws of the State of California shall govern the validity, construction, interpretation and effect of this contract. The courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract.

The *Hunt Wesson* Court held this forum selection clause (which is more restrictive than the forum selection at issue in the motion pending before the Court) is permissive because the language did not provide for jurisdiction in Orange County courts to the exclusion of all other courts.

> Here, the sole question is whether the forum selection clause provides for *exclusive* jurisdiction in the California state court and mandates that the claim be litigated in the state court for Orange County.

---

[1] *Hunt Wesson Foods, Inc. v. Supreme Oil Company*, 817 F.2d 75 (9th Cir. 1987).

Opposition to Motion to Dismiss - 4

PEEL BRIMLEY LLP
3333 E. Serene Avenue, Suite 200
Henderson, NV 89074
Phone: (702) 990-7272 ♦ Fax: (702) 990-7273

> A primary rule of interpretation is that "[t]he common or normal meaning of language will be given to the words of a contract unless circumstances show that in a particular case a special meaning should be attached to it." 4 S. Williston, *A Treatise on the Law of Contracts* § 618 (W. Jaeger 3d ed. 1961). Here, <u>the plain meaning of the language is that the Orange County courts shall have jurisdiction over this action. The language says nothing about the Orange County courts having exclusive jurisdiction.</u> The effect of the language is merely that the parties consent to the jurisdiction of the Orange County courts. Although the word "shall" is a mandatory term, here it mandates nothing more than that the Orange County courts have jurisdiction. Thus, Supreme cannot object to litigation in the Orange County Superior Court on the ground that the court lacks personal jurisdiction. Such consent to jurisdiction, however, does not mean that the same subject matter cannot be litigated in any other court. In other words, the forum selection clause in this case is permissive rather than mandatory.

*Id.*, at 77 (emphasis added).

Another case regularly cited in the Ninth Circuit is *Northern California District Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034 (9th Cir. 1995). The forum selection clause at issue in this case states as follows:

> [a] decision of the Board of Adjustment ... or the decision of a permanent arbitrator shall be enforceable by a petition to confirm an arbitration award filed in the Superior Court of the City and County of San Francisco, State of California.

The court held this forum selection clause is permissive despite the requirement that an arbitration decision would be enforced by a specific court in San Francisco, California.

> To be mandatory, a clause <u>must</u> contain language that <u>clearly designates a forum as the exclusive one.</u> For example, in *Hunt Wesson* we distinguished the clause at issue in *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 275 (9th Cir.1984), which stated that "this Agreement shall be litigated only in the Superior Court for Los Angeles, California (and in no other)...."
>
> . . .
>
> These cases demonstrate that the forum selection clause now before us is permissive. The language "shall be enforceable" is no less permissive than the "shall have jurisdiction" language in *Hunt Wesson*. The clause does not contain additional language such as "venue ... shall be deemed to be in Gloucester County," which, in Docksider, designated the state court as the exclusive forum. Nor does it contain the type of mandatory language at issue in *Pelleport* (cases may be litigated "only in" Los Angeles). In sum, we follow *Hunt Wesson* in holding that the "shall be enforceable" language at issue here is permissive, not

PEEL BRIMLEY LLP
3333 E. Serene Avenue, Suite 200
Henderson, NV 89074
Phone: (702) 990-7272 ♦ Fax: (702) 990-7273

mandatory, because it does not contain language "clearly requir[ing] exclusive jurisdiction." *Hunt Wesson*, 817 F.2d at 77.

*Id.*, at 1037 (emphasis added). Again, the contract provision currently before the court is less restrictive than the permissive forum selection clause in *Northern California District Council of Laborers* when Defendant's contract provision does not "clearly designate" a specific state court within the boundaries of Sonoma County, California. To the contrary, this contract clause "clearly designates" jurisdiction and venue is proper in this judicial district.

Defendant's only cited case supporting its motion to dismiss is *Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762 (9th Cir. 1989). The *Docksider* court distinguished its case from *Hunt Wesson* on the basis that the forum selection clause because the agreement required that any action must be filed in Virginia, not California. *Id.*, at 764. Contrary to the forum selection clause in *Docksider*, the clause drafted by Defendant does not clearly designate the state court in Sonoma County, California, to the exclusion of this Court.

The forum selection clause at issue in our case is identical to the permissive forum selection clause in *Hunt Wesson*; Defendant does not specifically exclude this court from hearing this action. To the contrary, Defendant actually provides that venue is proper in this federal judicial district. To exercise the jurisdiction specifically granted by this forum selection clause, the Court must find that venue is proper under this Court's rules.

3. THE PHYSICAL LOCATION OF COURTHOUSE IS NOT DETERMINATIVE OF PROPER VENUE

Whether a federal court is physically located in Sonoma County, California is irrelevant to the issue before the Court. This Court has diversity jurisdiction under 28 U.S.C. § 1391(a) and venue is proper under Civil L.R. 3-2(d). Proper venue is not vitiated because this Court is located in neighboring San Francisco County, California.

> The forum selection clause contains no suggestion that a state court must hear disputes, nor that a federal court may not hear disputes.
> . . .

> In this circuit, to "be mandatory, a [forum selection] clause must contain language that *clearly designates* a forum as the exclusive one." *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.,* 69 F.3d 1034, 1037 (9th Cir.1995) (emphasis added). The only applicable language in the Agreement states that "venue ... will reside in the United States and in the county of residence of the non-breaching party." Thus, Mr. Merrell can support his position only if that language "clearly designates" that Snohomish County Superior Court is the exclusive venue for this action. For several reasons, <u>the court finds the term "venue" to be ambiguous at best, and therefore insufficient to "clearly designate"</u> Snohomish County Superior Court as the exclusive venue for this action.
>
> First, the term "venue" does not necessarily equate to the "location of a courthouse." . . . In that sense, this court is a proper "venue" for actions arising in Snohomish County, despite the absence of a courthouse within the county.

*Merrell v. Renier*, 2006 WL 1587414 (W.D.Wash. 2006)(emphasis added). As in *Merrell*, Defendant's use of the term "venue" and the phrase "appropriate state or federal court" is ambiguous at best and does not "clearly designate" a specific state court to the exclusion of this Court. As in *Merrell*, this Court is a proper "venue" for this action arising in Sonoma County, California.

Plaintiff's action is properly filed and the Court must deny Defendant's motion to dismiss under Rule 12(b)(3), because the courthouse location does not equate to proper venue, the Defendant's contract specifically provides that a federal court can hear this dispute, and venue in federal court is proper under this Court's rules.

4. UNDER FEDERAL LAW, THIS COURT CANNOT INTERPRET DEFENDANT'S AMBIGUOUS FORUM SELECTION CLAUSE

Defendant drafted its public works contract to provide that "venue shall be with the appropriate state *or federal court* located in Sonoma County" with knowledge that the Federal Court for the Northern District of California has jurisdiction over matters arising in Sonoma County, California. Defendant's motion requests this Court to disregard the words written by Defendant and interpret the same in a manner that is contrary to the plain meaning of the language used. Where either a state court or the federal court has jurisdiction over this matter, exclusive jurisdiction is not "clearly designated". Defendant's insertion of "or federal court" when it knew, or should have known, that a federal courthouse is not located within the

boundaries of Sonoma County, California, creates at the very least an ambiguity that must be interpreted against Defendant, the party that drafted the contract.

This Court is not empowered to interpret and enforce the ambiguous provision in a manner suggested by Defendant.

> When a federal court considers a forum selection clause, however, it applies federal law. *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 512-513 (9th Cir.1988). Under Ninth Circuit law, <u>the court is not empowered to interpret an ambiguous forum selection clause, it must reject it to the extent it does not "clearly designate" a particular forum as the exclusive venue.</u> *N. Cal. Dist. Council of Laborers,* 69 F.3d at 1037.
>
> . . .
>
> At best, the forum selection clause at issue is ambiguous regarding whether this court provides a proper venue. Under the standard applicable in this circuit, it therefore fails as a matter of law to prevent this court from hearing this action.

*Merrell v. Renier*, 2006 WL 1587414 (W.D.Wash. 2006)(emphasis added).

> Another fundamental rule of contract interpretation is that where language is ambiguous the court should construe the language against the drafter of the contract. *Interpetrol Bermuda Ltd. v. Kaiser Aluminum Int'l Corp.*, 719 F.2d 992, 998 (9th Cir.1983); *United States v. Haas and Haynie Corp.*, 577 F.2d 568, 574 (9th Cir.1978).

*Hunt Wesson Foods, Inc. v. Supreme Oil Company*, 817 F.2d 75, 78 (9th Cir. 1987).

In our case, Defendant's forum selection clause first provides that venue is proper with this Court and then, after this action is properly filed, Defendant attempts to persuade the Court to ignore the plain language written by Defendant. The Court must interpret this ambiguous forum selection clause against the Defendant as the party who drafted the public works project. At law, the Court is not empowered to interpret the ambiguous forum selection clause written by Defendant and Defendant's motion for dismissal under Rule 12(b)(3) must be denied.

/ / /

/ / /

/ / /

/ / /

### B. PLAINTIFF PROVIDED NOTICE TO THE DEFENDANT IN COMPLIANCE WITH THE GOVERNMENT CLAIMS ACT

Defendant argues that Plaintiff's action must be dismissed because Plaintiff "has failed to allege compliance with the Government Claims Act." This contention misstates the applicable law and is contrary to facts of which Defendant is well aware. Defendant is correct only in asserting that Section 945.4 of the California Government Code provides as follows:

> No suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefore has been presented to the public entity and has been acted upon . . . or has been deemed to have been rejected.

1. THERE IS NO REQUIREMENT THAT PLAINTIFF PLEAD COMPLIANCE WITH THE GOVERNMENT CLAIMS ACT.

Nothing in the Government Claims Action requires a party to <u>plead</u> that it has complied with Section 945.4. The present motion comes under Fed. Rule. Civ. Proc. 12(b)(6), not on a motion for summary judgment under Rule 56. Defendant may certainly assert failure to comply with Section 945.4 as an affirmative defense to the extent that the evidence actually supports such a contention, which it does not. *See infra*. However, Defendant has to date not filed an Answer or asserted any affirmative defenses. Given the abundant evidence that the Plaintiff did present a written claim in conformance with Section 945.4 (*see infra*), Defendant appears to be taking advantage of the non-evidentiary nature of Rule 12(b)(6) in an attempt to mislead the Court as to the existence of a claim it did receive and reject for the most part.[1]

2. UNDER THE LIBERAL NOTICE PLEADING STANDARD, PLAINTIFF'S COMPLAINT CLEARLY ALLEGES THE REQUIRED NOTICE.

Even if Section 945.4 requires a party to <u>plead</u> compliance with the Government Claims Act, the court must "accept all allegations of material fact in the complaint as true and construe them in the light most favorable to the non-moving party." *Diaz v. International Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007) *citing Burgert*

---

[1] See, Declaration of Bradley G. Taylor in Support of Plaintiff's Opposition to Motion to Dismiss.

*v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir.2000). The court may not dismiss the complaint unless the plaintiffs cannot prove any set of facts in support of the claim that would entitle them to relief. *Diaz*, 474 F.3d at 1205, *citing Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir.2000).

Furthermore, under the notice pleadings standard of the Federal Rules, the Plaintiff's Complaint can easily be construed to include an allegation of notice to Defendant. As the *Diaz* Court recently noted:

> "Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir.2006). Under the notice pleading standard of the Federal Rules, plaintiffs are only required to give a "short and plain statement" of their claims in the complaint. Fed.R.Civ.P. 8(a). "Thus, '[w]hen a federal court reviews the sufficiency of a complaint . . . [our] task is necessarily a limited one. **The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.**'" *Hydrick v. Hunter*, 466 F.3d 676, 686 (9th Cir.2006) (*quoting Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (alterations in *Hydrick* ))

*Diaz*, 474 F.3d at 1205 (emphasis added).

Here, Plaintiff's Complaint contains numerous factual averments that can be construed as allegations of notice to Defendant and Defendant's rejection of the same. *See e.g.*, Paragraphs 11, 14, 15, 19, 20, 23, 25, 27, 36. Under the liberal notice pleading standard, even if Plaintiff were required to plead conformance with the Government Claims Act, which it is not, the Complaint contains sufficient allegations such that the court may not dismiss the Complaint under Rule 12(b)(6).

3. PLAINTIFF PROVIDED NOTICE AND DEFENDANT REJECTED PLAINTIFF'S CLAIMS.

The purpose of the statutory requirements for presenting claims against the state or a local public entity is to facilitate early investigation of disputes and settlement without trial if appropriate, as well as to enable the public entity to engage in fiscal planning for potential liabilities and to avoid similar liabilities in the future. *Gatto v. County of Sonoma*, 120 Cal.Rptr.2d 550, 98 Cal.App.4th 744 (2002).

PEEL BRIMLEY LLP
3333 E. Serene Avenue, Suite 200
Henderson, NV 89074
Phone: (702) 990-7272 ♦ Fax: (702) 990-7273

Section 910 of the California Government Code provides that a claim made under the Government Claims Act shall be presented by the claimant or by a person acting on his or her behalf and shall show all of the following:

(a) The name and post office address of the claimant.

(b) The post office address to which the person presenting the claim desires notices to be sent.

(c) The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted.

(d) A general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim.

(e) The name or names of the public employee or employees causing the injury, damage, or loss, if known.

(f) The amount claimed if it totals less than ten thousand dollars ($10,000) as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed. If the amount claimed exceeds ten thousand dollars ($10,000), no dollar amount shall be included in the claim. However, it shall indicate whether the claim would be a limited civil case.

Section 915(a) of the California Government Code provides the manner of presentation of claims, as follows:

A claim, any amendment thereto, or an application to the public entity for leave to present a late claim shall be presented to a local public entity by either of the following means:

(1) Delivering it to the clerk, secretary or auditor thereof.

(2) Mailing it to the clerk, secretary, auditor, or to the governing body at its principal office.

As established by Exhibit A to the Declaration of Bradley G. Taylor[1], Plaintiff's counsel directed a letter to Defendant's Vice President of Administrative Services at

---

[1] Mr. Taylor's application for admission to this Court is pending as of the date of this writing.

Opposition to Motion to Dismiss - 11

Defendant's principal office that contains all of the elements required of a "claim" under section 910 and is in conformance with the terms and requirements of the applicable contract for asbestos abatement. Mr. Taylor's letter plainly states in the first paragraph that Plaintiff was thereby submitting its claims in the sum of $470,048.52, which is composed of payment of the original contract sum of $127,300.00 and payment in the sum of $342,748.52 for claims relating to additional work performed as directed by the Defendant. This letter also plainly states that Plaintiff was requesting an eighty (80) day time extension. This letter was transmitted to the Defendant with a four inch notebook of project documents fully supporting PDG's claims for additional compensation. (Taylor Declaration, Exhibit A).[1]

Defendant cannot claim ignorance of its receipt of Plaintiff's claims because its counsel, Clare M. Gibson, responded to and rejected Plaintiff's claims. (Taylor Declaration, Exhibit C). Specifically, Ms. Gibson wrote, *inter alia*, as follows:

> On behalf of the Sonoma County Junior College District ("College"), I am responding to the claim dated February 13, 2007 that you submitted on behalf of your client, the Project Development Group, Inc. ("PDG").

(Taylor Declaration, Exhibit C). Defendant responded to each of Plaintiff's individual claims beginning at page 3 as follows:

a. "Claim #1 is rejected in its entirety;"

b. "Claim #2 is rejected in its entirety;"

c. "Claim #3 is rejected in its entirety;"

d. "Claim #4 is rejected in its entirety;"

e. "The College agrees that PDG is entitled to the claimed amount and one (1) day extension for work directed by the College;"

f. "The College agrees that PDG is entitled to the adjusted sum of $117,785.29. The College agrees that PDG is entitled to an extension of time for this additional work, but only for 15 days, since PDG completely left the job site on January 17, 2007."

---

[1] Proof of delivery of Mr. Taylor's letter is attached as Exhibit B to his declaration.

1  (Taylor Declaration, Exhibit C).

2      Plaintiff clearly presented Defendant with a notice of its claims that explicitly fulfills
3  the requirements of Section 945.4 and that satisfies the purposes of the Government Claims
4  Act by providing Defendant the ability to conduct an early investigation of the disputes, to
5  attempt settlement without trial, to engage in fiscal planning for potential liabilities, and to
6  avoid similar liabilities in the future. *See Gatto v. County of Sonoma* 120 Cal.Rptr.2d 550, 98
7  Cal.App.4th 744 (2002). Even if Plaintiff's notice were deemed not to exactly comply with the
8  provisions of Section 910 (it does), the courts should employ a substantial compliance test to
9  determine whether Plaintiff has met filing requirements when the underlying purposes of
10 claims statutes have been satisfied. *Nguyen v. Los Angeles County Harbor/UCLA Medical
11 Center*, 10 Cal.Rptr.2d 709, 8 Cal.App.4th 729 (1992). The doctrine of substantial compliance
12 prevents public entities from using claims statutes as traps for the unwary when their
13 underlying purposes have been met and applies when there is a defect in form but statutory
14 requirements have otherwise been met. *Id.*

15     In order to gauge the sufficiency of a particular claim filed with a local public entity,
16 the court must determine that there is some compliance with all of the requirements of the
17 California Government Code, Sections 910 and 945.4, and that the compliance is sufficient to
18 constitute substantial compliance. *City of San Jose v. Superior Court of Santa Clara County*,
19 115 Cal.Rptr. 797, 12 Cal.3d 447, 525 P.2d 701 (1974). Here, where the Plaintiff notified
20 Defendant of the exact nature and extent of its claims and the basis therefore, and where
21 Defendant received, reviewed, and responded to Plaintiff's claims in detail and rejecting such
22 claims in substantial part, the Court can and should conclude that the Plaintiff has at the very
23 least substantially complied with the Government Claims Act.

24     It is also important to note that Defendant, in its response and rejection of Plaintiff's
25 claims, did not state or imply that the Plaintiff's claim was insufficient in detail or form.
26 Section 910.8 permits a public entity to, "at any time within 20 days after the claim is
27 presented, give written notice of its insufficiency, stating with particularity the defects or
28

PEEL BRIMLEY LLP
3333 E. Serene Avenue, Suite 200
Henderson, NV 89074
Phone: (702) 990-7272 ♦ Fax: (702) 990-7273

omissions therein." California Government Code, Section 910.8. Defendant waived "[a]ny defense as to the sufficiency of the claim based upon a defect or omission in the claim as presented is waived by failure to give notice of insufficiency with respect to the defect or omission as provided in Section 910.8."[1] California Government Code, Section 911. Because Defendant never objected to the sufficiency of Plaintiff's claims, but instead addressed and rejected the claims, Defendant is forever barred from asserting a technical defect in the Plaintiff's claims notice.

Based on the foregoing, the Court should not only deny Defendant's motion to dismiss on grounds of alleged non-compliance with the Claims Act, it should also rule as a matter of law that the Plaintiff has complied or substantially complied with the Government Claims Act. Furthermore, the Court should bar Defendant from asserting as affirmative defenses any contention that the Plaintiff failed to comply with the Government Claims Act.

## CONCLUSION

Defendant's motion to dismiss under Rule 12(b)(3) for improper venue must be denied when venue is proper under Civil L.R. 3-2(d), when the forum selection clause drafted by Defendant does not exclude jurisdiction and venue in this Court, when the forum selection clause drafted by Defendant actually provides that venue is proper in this jurisdictional district, and when the Court is not empowered to enforce the ambiguous forum selection clause that provides venue is proper in the appropriate "state or federal court located in Sonoma County, California."

Defendant's motion to dismiss under Rule 12(b)(6) on the basis of Plaintiff "failed to allege compliance with the California Government Claims Act" must be dismissed when there is not pleading requirement to alleged such compliance. Defendant's basis for its motion to dismiss constitutes an affirmative defense that has not yet been pled, not a basis for a motion to dismiss for failure to state a cause of action. To the extent that compliance with the California

---

[1] The only exception to the waiver rule is obviously inapplicable here: "no notice need be given and no waiver shall result when the claim as presented fails to state either an address to which the person presenting the claim desires notices to be sent or an address of the claimant." California Government Code, Section 911.

Opposition to Motion to Dismiss - 14

Government Claims Act is remotely related to Defendant's current motion, the Court must consider this a motion for summary judgment and, considering the facts presented by Plaintiff in Plaintiff's favor, the Court must deny Defendant's motion when Plaintiff fully complied or substantially complied with the claim procedures of the California Government Claims Act.

Further, Plaintiff hereby stipulates that the causes of actions stated in its Complaint for Damages in paragraphs 43 through 46 should be stricken and moves the Court for an order granting leave to amend the Complaint for Damages by striking paragraph 43 through, and including, paragraph 46.

DATED this 9th day of August, 2007.

PEEL BRIMLEY LLP

/s/

STEVEN D. MEACHAM, ESQ.
California Bar No. 169977
3333 E. Serene Avenue, Suite 200
Henderson, NV 89074
Phone: (702) 990-7272
Attorneys for Plaintiff Project Development Group, Inc.