NOEL J. SHUMWAY, ESQ. (SBN 142897)
PATRICK C. WILSON, ESQ.  (SBN 100487)
SCHOOL AND COLLEGE LEGAL SERVICES OF CALIFORNIA
5350 Skylane Boulevard
Santa Rosa, California  95403
(707) 524-2690
(707) 578-0517 FAX
pwilson@sclscal.org

Attorneys for Defendant SONOMA COUNTY JUNIOR COLLEGE DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROJECT DEVELOPMENT GROUP, INC., a Pennsylvania corporation | CASE NO:  C 07-02987 WHA |
| Plaintiff, | |
| vs. | |
| SONOMA COUNTY JUNIOR COLLEGE DISTRICT, of the County of Sonoma, State of California, | Date:  August 30, 2007<br>Time:  2:00 p.m.<br>Courtroom:  9 |
| Defendant. | |

**DEFENDANT'S REPLY BRIEF**

**IN SUPPORT OF MOTION TO DISMISS**

## Table of Contents

Page

I.     The Mandatory Forum Selection Clause Requires
       That This Case Be Dismissed Without Prejudice ............................. 1

II.    The Complaint Must Be Dismissed Because PDG Has
       Failed To Affirmatively Allege Compliance With The
       Government Claims Act ................................................................. 5

III.   PDG Concedes That The Quantum Meruit Cause Of Action
       Must Be Dismissed And The Punitive Damage Allegation
       Must Be Stricken ........................................................................... 6

IV.    Conclusion .................................................................................... 7

i

Defendant's Reply Brief
C 07-02987 WHA

# Table of Authorities

**Cases**                                                                                              **Page**

*Air Ion Devices, Inc. v. Air Ion, Inc.*
    2002 WL 1482665 (N.D. Calif. 2002)..............................................................2

*American Home Assurance Co. v. TGL Container Lines, Ltd.*
    347 F.Supp.2d 749 (N.D. Calif. 2004)............................................................4

*City of West Palm Beach v. Visionair, Inc.*
    199 Fed. Appx. 768, 2006 WL 2726215 (11th Cir. 2006)...........................2

*Docksider, Ltd. v. Sea Technology, Ltd.*
    875 F. 2d 762 (9th Cir. 1989)..........................................................1, 2, 3, 4

*Hunt Wesson Foods, Inc. v. Supreme Oil Company*
    817 F. 2d 75 (9th Cir. 1987)..............................................................................3

*Knight Oil Tools, Inc. v. Unit Petroleum Co.*
    2005 WL 2313715 (D.N.M. 2005) ...............................................................2, 4

*Merrell v. Renier*
    2006 WL 1587414 (W.D. Wash. 2006).............................................................4

*Navickas v. Aircenter, Inc.*
    2003 WL 21212747 (E.D. Tenn. 2003) ........................................................2, 4

*North American Air Force v. Rose*
    2001 WL 1155078 (N.D. Calif. 2001).............................................................1

*Northern California District Council v. Pittsburg - Des Moines Steel Co.*
    69 F.3d 1034 (9th Cir. 1995).............................................................................3

*Pong v. American Capital Holdings, Inc*
    2007 WL 657790 (E.D. Cal. 2007)..................................................................3

*Softwareworks Group, Inc. v. IHosting, Inc.*
    2006 WL 2850026 (N.D. Calif. 2006)..............................................................4

Defendant's Reply Brief
C 07-02987 WHA

**Cases**                                                           **Page**

*State v. Superior Court*
      32 Cal.4th 1234 (2004) ...............................................................................5

*Westcon Construction Corp. v. County of Sacramento*
      152 Cal.App.4th 183 (2007).........................................................................6

iii

Defendant's Reply Brief
C 07-02987 WHA

Defendant Sonoma County Junior College District ("College District") hereby replies to plaintiff's opposition brief.

## I.

### The Mandatory Forum Selection Clause
### Requires That This Case Be Dismissed Without Prejudice

Federal law permits parties to designate the appropriate forum for the litigation of any dispute, particularly in diversity cases like this one. PDG admits that the contract in this case includes a forum selection clause that provides that:

> **"Venue shall be with the appropriate state or federal court located in Sonoma County, California."**

PDG agrees (Opp. Br. at 3:13-14) that the question presented by this motion is whether this clause is permissive or mandatory.

In *Docksider, Ltd. v. Sea Technology, Ltd.* 875 F. 2d 762, 764 (9th Cir. 1989), the Ninth Circuit considered a forum clause that provided that "Venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia." The Court held that "this mandatory language makes clear that venue, the place of suit, lies exclusively in the designated county." As a result, the Court affirmed the district court's dismissal of the diversity action. As in *Docksider,* dismissal is appropriate here because the forum clause in this case uses the mandatory word "shall" to specify a particular place for the filing any suit. Other cases decided since *Docksider* support dismissal under these facts.

In *North American Air Force v. Rose* 2001 WL 1155078 (N.D. Calif. 2001), Judge Illston considered whether the following forum clause was permissive or mandatory: "[v]enue for any

1

disputes between the parties will be in Newton County, Mississippi." In holding that this clause was mandatory, the Court stated that "there are no federal courts situated in Newton County, Mississippi, so the clause was clearly intended to limit venue to the state court located in the county."

In *Air Ion Devices, Inc. v. Air Ion, Inc.* 2002 WL 1482665 (N.D. Calif. 2002), Judge Illston considered whether the following forum clause was permissive or mandatory: "any action … shall be brought in the County of Marin, State of California." Relying on *Docksider* and other cases, the Court held that "such language establishes that Marin County is the only venue for this action." The Court therefore remanded the case to the Superior Court in Marin County.

In *Navickas v. Aircenter, Inc.* 2003 WL 21212747 (E.D. Tenn. 2003), the Court considered a forum clause that provided that "venue for any matter relating to this contract shall be in Marion County, Tennessee." The plaintiff in that case argued -- as the plaintiff does here -- that the clause should be interpreted to allow venue in a federal court located outside the specified County so long as that district court's jurisdiction encompasses the County. Citing numerous cases, the *Navickas* Court rejected the notion that venue could be in a County other than that designated in the forum clause.

In *Knight Oil Tools, Inc. v. Unit Petroleum Co.* 2005 WL 2313715 (D.N.M. 2005), the Court considered virtually the same clause at issue here: the forum clause in that case provided that "venue for any action involving this Contract shall be in the appropriate state or federal court located in Tulsa County, Oklahoma." The Court held that the clause was a mandatory, unambiguous choice-of-venue provision.

In *City of West Palm Beach v. Visionair, Inc.* 199 Fed. Appx. 768, 2006 WL 2726215 (11th

2

Cir. 2006), the Court considered a forum clause that provided that "all claims ...shall be instituted and prosecuted in Palm Beach County, Florida." The Court held that the forum clause was enforceable since it permitted "venue in either state or federal court, **so long as that court is in Palm Beach County."** (Emphasis added.)

In *Pong v. American Capital Holdings, Inc.* 2007 WL 657790 (E.D. Cal. 2007), Judge Karlton considered a forum clause that provided that "this note ... shall be construed, governed and enforced ... with venue being agreed to as Palm Beach County, Florida." As here, the issue was whether the clause was permissive or mandatory. Citing *Docksider* and other cases, the Court concluded that the clause was mandatory because it specified venue in a particular County using the mandatory word "shall." The Court explained that the words "clearly indicate that the clauses exclude plaintiff from suing outside of Palm Beach County."[1] Likewise, venue in this case is restricted to Sonoma County.

The four cases that PDG cites in support of its argument are not on point. First, PDG contends (Opp. Br. at 6:14) that the forum clause in this case is "identical" to the clause found permissive in *Hunt Wesson Foods, Inc. v. Supreme Oil Company* 817 F. 2d 75 (9th Cir. 1987). However, the clause in *Hunt Wesson* did not refer to venue at all; it only stipulated that the courts of California, County of Orange, "shall have jurisdiction over the parties." The Court concluded that this provision only addressed personal jurisdiction, not venue. Thus, *Hunt Wesson* is inapposite.

Second, PDG relies (Opp. Br. at 5-6) on *Northern California District Council v. Pittsburg - Des Moines Steel Co.*, 69 F.3d 1034 (9th Cir. 1995). In that case, a collective bargaining agreement

---

[1] The *Pong* Court then addressed whether the enforcement of the forum clause was reasonable and just or obtained through fraud. Finding that the plaintiff had made no such showing, the Court held that the forum clause was binding. In this case, PDG does not contend that the forum clause is unreasonable, unjust or procured by fraud.

Defendant's Reply Brief
C 07-02987 WHA

included a forum selection clause that read: "a decision . . . of a permanent arbitrator shall be enforceable by a petition to confirm an arbitration award filed in the Superior Court of the City and County of San Francisco . . . " The Court found this clause permissive because the "clause does not contain additional language such as 'venue . . . shall be deemed to be in Gloucester County,' which, in *Docksider*, designated the state court as the exclusive forum." Here, by contrast, the clause provides that venue shall be in Sonoma County.

Third, PDG relies (Opp. Br. at 6-7) on *Merrell v. Renier* 2006 WL 1587414 (W.D. Wash. 2006), which is distinguishable for three reasons. First, the clause in that case did not include the mandatory term "shall." Second, the Court was interpreting a clause that purported to require venue in the County of the "non breaching party," which improperly begs the question of liability at the outset of the case. Finally, the *Merrell* court's conclusion that venue can be in a different County than that specified in the forum clause is contrary to the weight of authority of the cases cited above.

Finally, PDG's reliance (Opp. Br. at 4) on the unpublished decision by Magistrate Judge Lloyd in *Softwareworks Group, Inc. v. IHosting, Inc.* 2006 WL 2850026 (N.D. Calif. 2006) is unavailing. The clause in that case did not include the mandatory word "shall," and the Court did not cite, let alone distinguish, *Docksider*.

PDG contends (Opp. Br. at 7-8) that the forum clause here is ambiguous. However, the Court in *Knight Tools, supra*, interpreted virtually the same clause and found it was unambiguous. In any event, as the Court explained in *Navickas, supra*, an ambiguity does not exist merely because the parties disagree as to the meaning of the forum clause, and, as Judge Patel explained, a forum clause does not cease to bind "simply because it requires a court to interpret it." *American Home Assurance Co. v. TGL Container Lines, Ltd.* 347 F.Supp.2d 749, 758 (N.D. Calif. 2004).

Defendant's Reply Brief
C 07-02987 WHA

The key question here is whether there is an "appropriate" federal court in Sonoma County. While there *is* a federal courthouse in Sonoma County--the federal bankruptcy court is located at 99 South E Street, Santa Rosa, California--that court is not an "appropriate" federal court forum for this dispute. Thus, the forum clause requires that this case be filed and pursued, if at all, in state court in Sonoma County.

## II.

### The Complaint Must Be Dismissed Because PDG Has Failed To Affirmatively Allege Compliance With The Government Claims Act

PDG admits it was required to file a claim under the Government Claims Act with "the clerk, secretary or auditor" of the College District's governing body before proceeding with this case. However, PDG says (Opp. Br. at 9:10-11) that "there is no requirement that plaintiff plead compliance with the Government Claims Act." PDG is wrong.

In *State v. Superior Court* (2004) 32 Cal. 4th 1234, 1243, the California Supreme Court held that "**a plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement.** Otherwise, his complaint is subject to a general demurrer for failure to state facts sufficient to constitute a cause of action." (Emphasis added.) Thus, PDG was obligated to affirmatively allege compliance with the Government Claims Act, which it has failed to do.

PDG argues (Opp. Br. at 10: 16-20) that the Court may *infer* that it has so alleged. No such inference is apparent in PDG's complaint and, in any event, there must be an *affirmative,* not inferential, allegation demonstrating compliance with the Government Claims Act. See *State v. Superior Court*, 32 Cal.4th at 1241, 1243.

Finally, PDG relies (Opp. Br. at 11-12) on an attorney declaration to argue that it did file a

Defendant's Reply Brief
C 07-02987 WHA

1    timely proper Government Claim, even if not alleged in the pleading. This argument fails because

2    the extraneous evidence is not proper in opposition to a motion to dismiss and, in any event, PDG's

3    "evidence" in fact shows a lack of compliance with the Government Code. Thus, PDG admits that

4    it presented a claim under the dispute resolution procedure of Paragraph 49 of the contract, not

5    pursuant to the Government Code.[2] And PDG admits that it did not present the Paragraph 49 claim

6
7    to the College District's governing body, as required by the Government Code.[3] Thus, PDG's own

8    evidence casts grave doubt as to whether PDG can in fact allege that it has filed a timely claim with

9    the College District governing body under the Government Code. See *Westcon Construction Corp.*

10   *v. County of Sacramento* (2007) 152 Cal.App.4[th] 183 (plaintiff's construction claim was not a claim

11   pursuant to the Government Claims Act; dismissal upheld).

12

13

14                                                **III.**

15              **PDG Concedes That The Quantum Meruit Cause**
               **Of Action Must Be Dismissed And The Punitive Damage**
16                        **Allegation Must Be Stricken**

17         PDG stipulates (Opp. Br. at 2:3-6) that its the quantum meruit cause of action must be

18   dismissed and that the punitive damages claim must be stricken.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25

26   _____

27   [2] See the Taylor Declaration at p.5/19, fn.3.
     [3] See Opp. Br. at 11:19-25.
28

                                                6

# IV.

## Conclusion

The Complaint must be dismissed because PDG filed this action in the wrong forum. The Complaint is also deficient because it does not allege compliance with the Government Claim Act. Finally, the quantum meruit cause of action must be dismissed and the prayer for punitive damages stricken.

Dated:  August 16, 2007.

SCHOOL AND COLLEGE LEGAL SERVICES
OF CALIFORNIA


By: _Patrick C. Wilson_____
    Patrick C. Wilson
    Attorneys for Defendant Sonoma County
    Junior College District

Defendant's Reply Brief
C 07-02987 WHA