IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROJECT DEVELOPMENT GROUP, INC., A Pennsylvania Corporation<br><br>Plaintiff,<br><br>v.<br><br>SONOMA COUNTY JUNIOR COLLEGE DISTRICT, of the County of Sonoma, State of California,<br><br>Defendant.<br>_____/ | No. C 07-02987 WHA<br><br>**ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS AND STRIKING PLAINTIFF'S CLAIMS FOR UNJUST ENRICHMENT, QUANTUM MERUIT, AND PUNITIVE DAMAGES** |

## INTRODUCTION

In this contract dispute, defendant Sonoma County Junior College District moves to dismiss the case due to improper venue under Rule 12(b)(3) and failure to state a claim under Rule 12(b)(6). These motions are **DENIED**.

Defendant has also moved to strike plaintiff Project Development Group, Inc.'s claim for punitive damages. Plaintiff stipulated to strike this claim, as well as its claims for quantum meruit and unjust enrichment and asks for leave to amend its complaint accordingly. These claims are **DISMISSED** and plaintiff's request for leave to amend is **GRANTED**.

## STATEMENT

Plaintiff is a Pennsylvania corporation. It entered into an asbestos-abatement agreement with defendant relating to the remodeling of a library located on the campus of Santa Rosa Junior College in Sonoma County, California. The dispute between the parties arises out of

plaintiff's demand for additional compensation of several hundred thousand dollars beyond its original $127,300 contract bid due to unanticipated costs in removing the asbestos and additional, unforeseen asbestos allegedly found at the project site.   The agreement contained a forum-selection clause stating that "venue shall be with the appropriate state or federal court located in Sonoma County, California" (Wilson Exh. 1 ¶ 25).  Plaintiff asserts, and defendant does not dispute, that defendant drafted the clause (Opp. 3).

Plaintiff filed its original complaint on June 7, 2007, in this federal district court, claiming damages for breach of contract, breach of implied warranty, breach of good faith and fair dealing, quantum meruit, unjust enrichment, and punitive damages (Compl. ¶¶ 37–46). Defendant then filed the instant motion to dismiss due to improper venue and failure to state a claim, and to strike some claims.

**ANALYSIS**

**1.   VENUE IS PROPER IN THE NORTHERN DISTRICT OF CALIFORNIA.**

Defendant's motion to dismiss for improper venue under Rule 12(b)(3) centers on the language of the forum-selection clause, which stated that "[v]enue shall be with the appropriate state or federal court located in Sonoma County, California" (Wilson Exh. 1 ¶ 25). Enforcement and interpretation of forum-selection clauses in the Ninth Circuit are governed by federal law even when the case is in federal court under diversity jurisdiction. *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir. 1988).  Neither party argues that the clause is unenforceable due to fraud or undue influence.  Rather, they disagree as to whether the Northern District of California is an appropriate venue or whether any dispute between the parties must be litigated in a courtroom within the physical boundaries of Sonoma County, thus necessitating dismissal.  This order holds that the Northern District is an appropriate venue.

Defendant argues that this language mandates that any action be brought in a court located literally in Sonoma County, based on a number of cited decisions, none of which directly addresses our situation.  Defendant casts the determinative question as whether the clause at issue is permissive or mandatory, on the theory that a mandatory clause would require

the case to be dismissed. In *Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 763-64 (9th Cir. 1989), the Ninth Circuit held that a clause stating that "[v]enue . . . shall be deemed to be in Gloucester County, Virginia" was "mandatory language" that designated Gloucester County as the exclusive forum and affirmed the district court's dismissal of the case for lack of jurisdiction. Defendant also cites to *Air Ion Devices, Inc. v. Air Ion, Inc.,* No. C 02-1717 SI, 2002 U.S. Dist. LEXIS 12456 (N.D. Cal. 2002). In *Air Ion*, a case in federal court after having been removed from state court, Judge Susan Illston held a clause stating that "any action . . . shall be brought in the County of Marin, State of California," was a mandatory forum-selection clause that required the case to be brought in Marin County. *Id.* at *6. The decision remanded the case back to the Marin County Superior Court. The instant case is distinguishable from *Air Ion* because the forum-selection clause in *Air Ion* did not include the "appropriate state *or federal court*" language from the instant forum selection clause. Even though there is no appropriate federal district courthouse literally in Sonoma County, the inclusion of language supporting federal court as an appropriate venue supports the interpretation that our district is an appropriate forum.

Perhaps the most similar language to the instant clause can be found in *Knight Oil Tools, Inc. v. Unit Petroleum Co.*, No. CIV 05-0669 JB/ACT, 2005 U.S. Dist. LEXIS 21929 at *2 (D.N.M. 2005), in which a clause stated "venue for any action shall be in the appropriate state or federal court located in Tulsa County, Oklahoma." That decision found that clause to be unambiguous and transferred the case to the district court in Tulsa. Despite the apparent similarity between the clause in *Knight Oil Tools* to own case, one obvious difference is that there was an appropriate federal court in Tulsa whereas the only federal courthouse literally in Sonoma County is our bankruptcy court, which is clearly not an "appropriate" court for this dispute.

Plaintiff argues that our forum-selection clause is similar to the clause at issue in *Merrell v. Ranier*, No. C06-404JLR, 2006 U.S. Dist. LEXIS 41145 at *2 (W.D. Wash. 2006). In that decision, a forum selection clause stated that "venue . . . will reside in the United States and in the county of residence of the non-breaching party." In *Merrell,* Judge James Robart,

3

1  citing Ninth Circuit precedent in *Docksider*, found the clause to be "mandatory" rather than
2  permissive due to the determinative word "will." Despite finding the clause mandatory, Judge
3  Robart went on to find that the forum-selection clause in that decision did not prohibit a federal
4  court from hearing the case, and since there was no appropriate federal courthouse in
5  Snohomish County, and Snohomish County is within the Western District of Washington,
6  venue was appropriate in that federal court. *Id.* at *5–6.

7  As plaintiff has noted, it is an established rule in the Ninth Circuit that in contract
8  language, including forum selection clauses, "where language is ambiguous the court should
9  construe the language against the drafter of the contract" (citations omitted). *Hunt Wesson*
10 *Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 78 (9th Cir. 1987). In the present case, it is
11 undisputed that defendant drafted the clause. If there is any ambiguity, it must be construed
12 against the defendant.

13 More to the point, this Court is persuaded by the reasoning of the district court in
14 *Merrell*. This order agrees with the defendant that the instant clause is mandatory as it states
15 that "venue *shall* be" with the appropriate state or federal court. The main question, then,
16 reduces to whether this Court is an appropriate forum under the language of the clause. It is.
17 Our federal district comprehends all of Sonoma County. The manifest intent of the clause was
18 to favor either state or federal jurisdiction so long as its location covered Sonoma County, the
19 parties already being diverse as to citizenship. Much as Snohomish is within the Western
20 District of Washington, Sonoma County is within the Northern District of California. The
21 clause at issue in this case is even more clear than that in *Merrell*, specifically calling out
22 "federal court" as an appropriate forum. Thus, venue is proper with this district under the
23 mandatory forum-selection clause at issue because the action was filed in the appropriate
24 federal court covering Sonoma County. Accordingly, defendant's motion to dismiss under
25 Rule 12(b)(3) must be **DENIED**.

26
27
28

4

### 2. DEFENDANT HAS NOT FAILED TO STATE A CLAIM.

Defendant argues that this action should be dismissed because plaintiff has failed to state a claim under Rule 12(b)(6) because defendant has failed to affirmatively allege compliance with Section 945.4 of the California Government Code.

Section 945.4 states that:

> No suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefore has been presented to the public entity and has been acted upon . . . or has been deemed to have been rejected.

In addition, Sections 910 and 915(a) of the California Government Code provide the required format and delivery method for the presentation of a claim under Section 945.4.

According to the Ninth Circuit, "one of the primary functions" of the claims presentation requirement is to put the pubic entity on notice of a potential claim for damages, "thereby providing . . . an opportunity to settle meritorious claims without litigation." *Haywood v. Pasadena*, C.A. No. 89-55658, 1991 U.S. App. LEXIS 11984 at *6 (9th Cir. 1991). If plaintiff only partially or defectively complied with the requirements, plaintiff must demonstrate "substantial compliance" by showing that "sufficient information [was] disclosed on the face of the filed claim to reasonably enable the public entity to make an adequate investigation of the merits of the claim and to settle it without the expense of a lawsuit." *San Jose v. Super. Ct.*, 12 Cal. 3d 456 (1974).

Defendant bases its argument that plaintiff has failed to state a claim in large part on language found in *State of California v. Superior Court*, 32 Cal. 4th 1234, 1243 (2003), in which the California Supreme Court held that "a plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement [of 945.4]." Thus, defendant argues that plaintiff has not alleged facts demonstrating that it complied with Section 945.4 by first bringing a claim against the public entity, which subsequently rejected the claim.

Plaintiff responds by noting that the Ninth Circuit has repeatedly said that in deciding whether plaintiff has failed to state a claim under Rule 12(b)(6), courts must accept all allegations of material fact in the complaint and construe them in the light most favorable to

the non-moving party. *Diaz v. Int'l Longshore and Warehouse Union*, 474 F.3d 1202, 1205 (9th Cir. 2007). Plaintiff contends that under this liberal standard the complaint sufficiently demonstrates compliance with the Act.

Defendant's cited California Supreme Court authority only requires that plaintiff "allege facts" demonstrating compliance. Plaintiff's complaint alleges numerous facts which demonstrate compliance with the requirements of Section 945.4 (Opp. at 10). In Paragraph 19 of the complaint, plaintiff refers to its "demands" for compensation and that defendant "refused" to pay plaintiff the demanded compensation. In Paragraph 27, plaintiff again declares that demands for an equitable adjustment to the contract price and time to complete additional work were refused. In Paragraph 28, plaintiff adds that after its demands were refused, defendant then assessed liquidated damages against plaintiff for failing to perform the contract within the time allowed by the contract. The demands alleged in the complaint, taken as true, must have put defendant on notice of the existence of a claim and thus fulfilled the primary goal of the 945.4. These facts, along with others alleged in the complaint, are sufficient to demonstrate at least substantial compliance with the Section 945.4.

In addition, plaintiff has satisfied the pleading requirements of Rule 12(b)(6). The recent Supreme Court decision in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007) provides the standard for the level of detail the factual allegations plaintiff must present to survive a motion to dismiss under Rule 12(b)(6). A motion to dismiss should only be granted if the complaint fails to provide "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986–87. This Court has also stated that in the Ninth Circuit, even after *Twombly*, when examining a complaint for legal sufficiency under Rule 12(b)(6), "all material allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party." *Falk v. Gen. Motors Corp.*, No. C 07-01731 WHA, 2007 U.S. Dist. LEXIS 51366 at *7 (N.D. Cal. 2007) (citing *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996)).

Under this standard, defendant's motion to dismiss fails. Plaintiff's complaint states claims for breach of contract, breach of implied warranty, and breach of good faith and fair dealing. Plaintiff supports those claims with alleged facts describing its performance under the

asbestos-abatement contract, its additional work, defendant's failure to pay, and defendant's assessing of liquidated damages after defendant caused plaintiff to fail to perform the contract by its stated deadline (Compl. ¶¶ 4–36). Accepting these facts and construing them in favor of the non-moving party, plaintiff has met its burden of demonstrating compliance sufficient to satisfy the requirements of *Twombly*.

Defendant's motion to dismiss under Rule 12(b)(6) must be **DENIED**, without prejudice to proof at trial or on motion for summary judgment.

### 3. CLAIMS FOR QUANTUM MERUIT, UNJUST ENRICHMENT, AND PUNITIVE DAMAGES STRICKEN.

Plaintiff has stipulated that its claims for quantum meruit, unjust enrichment, and punitive damages should be **STRICKEN**. Plaintiff has also requested leave to amend its complaint accordingly. Plaintiff shall file an amended complaint no later than **SEPTEMBER 7, 2007**.

### CONCLUSION

For the reasons stated above, defendant's motion to dismiss under Rule 12(b)(3) is **DENIED**. Defendant's motion to dismiss under Rule 12(b)(6) is **DENIED**. Plaintiff's claims for quantum meruit, unjust enrichment, and punitive damages are **STRICKEN**. Plaintiff must file its amended complaint by **SEPTEMBER 7, 2007.** Any motion to dismiss must be filed within 14 days thereafter. Please do not ask for extensions.

**IT IS SO ORDERED.**

Dated: August 31, 2007

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE