1  WADE R. DANN, Esq. (Pro Hac Vice)
2  BRADLEY G. TAYLOR, Esq. (Pro Hac Vice)
   PEEL BRIMLEY, LLP
3  2104 East Madison Street, Suite 100
   Seattle, Washington 98122
4  Phone: (206) 770-3339
   Fax: (206) 770-3490
5  Email: btaylor@peelbrimley.com

6  DAVID ERICKSEN, Esq. (#153923)
7  SEVERSON & WERSON
   One Embarcadero Center, Suite 2600
8  San Francisco, California 94111
   Phone: (415) 398-3344
9  Fax: (415) 956-0439

10
11  *Attorneys for Plaintiff Project*
    *Development Group, Inc.*
12

13            UNITED STATES DISTRICT COURT

14          NORTHERN DISTRICT OF CALIFORNIA

15

16  PROJECT DEVELOPMENT GROUP, INC.,     CASE NO.: CV 07-02987 WHA
    a Pennsylvania corporation,
17
                        Plaintiff,
18                                        AMENDED COMPLAINT FOR
    vs.                                   DAMAGES
19
    SONOMA COUNTY JUNIOR COLLEGE
20  DISTRICT, of the County of Sonoma, State
    of California,
21
22                      Defendant.

23         COMES NOW plaintiff Project Development Group, Inc. ("PDG"), a Pennsylvania

24  corporation, and for its amended causes of action against defendant Sonoma County Junior

25  College District (the "District"), an educational institution of the County of Sonoma, State of

26  California, alleges as follows:

27

28

PEEL BRIMLEY LLP
3333 E. Serene Avenue, Suite 200
Henderson, NV 89074
Phone: (702) 990-7272 ♦ Fax: (702) 990-7273

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PEEL BRIMLEY LLP**
3333 E. Serene Avenue, Suite 200
Henderson, NV 89074
Phone: (702) 990-7272 ♦ Fax: (702) 990-7273

**PARTIES**

1.      Plaintiff Project Development Group, Inc. is a Pennsylvania corporation duly authorized to conduct business in California;

2.      Defendant Sonoma County Junior College District is an educational institution of the County of Sonoma, State of California.

**JURISDICTION AND VENUE**

3.      The court has jurisdiction over this matter under 28 USC §1332 because there is diversity of citizenship and the amount in controversy exceed $75,000.00.  Venue is proper with this court pursuant to Civil L.R. 3-2(d).

**FACTS**

CONTRACT SCOPE OF WORK

4.      On or about September 25, 2006, the District entered into an asbestos abatement contract with PDG to perform work relating to the remodelling of the Plover Library located on the campus of Santa Rosa Junior College in Sonoma County, California.  Attached hereto as Exhibit "A" is a true and correct copy of the contract.  This contract was publicly bid based upon the General Conditions and Technical Specifications contained in the "Plover Asbestos Abatement Project" Invitation to Bidder that specifically describes the scope of work required under the contract.  Included in the bid documents is an August 14, 2006 asbestos survey prepared by Ralph Curran Company upon which the bidders were entitled to rely upon to determine the scope of work.  PDG relied upon the August 14, 2006 survey included with the project Invitation to Bid and the contract documents to prepare its bid.

5.      The technical specification issued by the District states that only the following material contained asbestos: Acoustical texture on the interior walls and ceiling, 9' tile and mastic composing the interior floor, and linoleum and mastic in the check out area.  The technical specification further provides as follows:

> Vinyl asbestos tile, linoleum, acoustical texture, gypsum wallboard system, roof
> flashing and transite panels are asbestos containing material known to present at the

Amended Complaint for Damages - 2

1  worksite.  If any other materials are found, which are suspected of containing asbestos,
2  immediately notify Owner's Representative.
3  The August 14, 2006 asbestos survey contained in the project contract documents confirms that
4  asbestos existed only in the acoustical ceiling texture and did not exist in the interior plaster,
5  the gypsum, or the skim coat layer between the plaster and the acoustical texture.    The
6  District's design and bid documents do not require bidders to completely remove or demolish
7  the ceilings or walls within the Plover Library, or any other demolition work.  Demolition of
8  existing material was responsible of the general contractor for the remodel project, Alten
9  Construction.
10     6.      The District issued addendum number one to the bid documents that includes
11  the following provision:
12     Contractor is responsible for removal of all asbestos in building, including . . . in any
13     areas of ceiling that are currently covered where tops of walls have been terminated at
14     the finished ceiling.   This condition occurs in several areas where walls were
15     constructed after the building was originally completed.
16  This addendum does not change the definition of asbestos material located in the building or
17  the information set forth in the August 14, 2006 asbestos survey and does not increase the
18  contract scope of work.  This addendum merely clarifies the scope of work and informs the
19  bidders that asbestos should be anticipated in the ceiling areas where the tops of walls have
20  been terminated in addition to the general ceiling area where acoustical texture could be readily
21  observed.
22     7.      On September 11, 2006, PDG submitted its bid in the amount of $127,300.00 to
23  complete the work stated in the District's contract documents, which was only $8,700.00 less
24  than the second bidder.
25  PDG'S PERFORMANCE OF CONTRACT SCOPE OF WORK
26     8.      On September 13, 2006, the District awarded the Plover Asbestos Abatement
27  Project contract to PDG and issued its Notice to Proceed on October 2, 2006 with a directive to
28  begin work on October 3, 2006.  PDG could not begin its contract work as directed by the

PEEL BRIMLEY LLP
3333 E. Serene Avenue, Suite 200
Henderson, NV 89074
Phone: (702) 990-7272 ♦ Fax: (702) 990-7273

District because furniture and fixtures had not been removed from the library. Because the District failed to remove its furniture and fixtures, PDG incurred additional costs to remove the District's furniture and fixtures, which also delayed PDG's start of contract work.

9.     PDG's could not begin contract work as directed by the District because, per the District's contract, work could not commence until the Owner's Representative held a pre-construction meeting, which did not occur until October 13, 2006.

10.     Because PDG was forced to complete selective demolition of existing furniture and fixtures, which was not within PDG's contract scope of work, PDG incurred damages in an amount not less than $22,290.43 and its start of work under the contract was delayed seven calendar days.

11.     Despite demands for an equitable adjustment of the contract price and time to complete this additional work, the District refused to compensate PDG for the additional work and refused to extend the contract completion date.

12.     After removing the District's furniture and fixtures and after the pre-construction meeting was held, PDG timely and fully performed the work described in the contract documents; completing abatement in strict conformance with the District's contract on or before November 7, 2006.

DISCOVERY OF UNDISCLOSED, UNKNOWN ASBESTOS AFTER ACOUSTICAL TEXTURE ABATED

13.     PDG's completed work was inspected by the District's agent, NorBay Consulting, Inc. ("NorBay"). On November 8, 2006, NorBay noticed a thin film of skim coating on the surface of the plaster where the acoustical texture was removed by PDG and took samples for testing purposes. The following day, PDG wrote to the Owner's Representative requesting direction from the District regarding "additional work" the District was or may be considering.

14.     The tests performed on the NorBay samples found that the skim coat contained asbestos when the August 16, 2006 pre-construction survey states the skim coat is asbestos free. These test results also indicate that the asbestos content was substantially higher than the August 16, 2006 asbestos survey indicated was contained in the acoustical texture prior to

PEEL BRIMLEY LLP
3333 E. Serene Avenue, Suite 200
Henderson, NV 89074
Phone: (702) 990-7272 ◆ Fax: (702) 990-7273

PEEL BRIMLEY LLP
3333 E. Serene Avenue, Suite 200
Henderson, NV 89074
Phone: (702) 990-7272 ♦ Fax: (702) 990-7273

1  abatement.  Upon being notified of these test results, on November 13, 2006 PDG requested

2  written authorization from the District "to move forward on the demolition of plaster ceilings

3  as asbestos waste as a change order to the original contract. . . . Approx cost is $117,000.00."

4  PDG also placed the District on notice that PDG would be charging the District for labor and

5  equipment costs incurred as a result of the District's failure to take final air samples and issue

6  final clearances for the project.  The District responded that PDG did not complete its contract

7  work because a thin layer of asbestos containing material, which was neither identified in the

8  District's contract documents as asbestos-containing material nor identified in the August 16,

9  2006 asbestos survey, was observed on the face of the plaster.

10      15.    On November 17, 2006, the District threatened PDG with legal action under

11  California's False Claims Act because PDG submitted an estimate to complete additional work

12  on the project.

13      16.    Between November 13, 2006 and December 4, 2006, PDG and the District

14  cooperatively continued to take material samples to determine whether the skim coat in fact

15  contained asbestos.  Samples taken and tested by an independent consultant for PDG disclosed

16  that that skim coat was asbestos free.  Additional tests performed by the District continued to

17  identify asbestos levels well in excess of the levels indicated in the August 26, 2006 asbestos

18  survey.  The District's test results were transmitted to PDG on December 4, 2006.

19      17.    On December 6, 2006, two days after the District disclosed the results of the

20  material samples it had tested showing asbestos levels substantially different from the August

21  26, 2006 asbestos survey, the District issued its Notice of Intent to Terminate the Contract.

22      18.    Between November 7, 2006 and December 6, 2006, PDG incurred damages in

23  an amount not less than $53,488.79 to complete work outside the scope of the original contract.

24      19.    Despite demands for an equitable adjustment of the contract price and time to

25  complete additional work between November 7, 2006 and December 6, 2006, the District

26  refused to compensate PDG for the additional work and refused to extend the contract

27  completion date.

28

Amended Complaint for Damages - 5

PEEL BRIMLEY LLP
3333 E. Serene Avenue, Suite 200
Henderson, NV 89074
Phone: (702) 990-7272 ♦ Fax: (702) 990-7273

DEMOLITION PERFORMED BY PDG AT THE DISTRICT'S DIRECTION

20.     On December 7, 2006 and under the District's threatened litigation under California's False Claims Act and intent to terminate the contract, PDG informed the District that it would completely remove and demolish the ceilings without regard to the presence of asbestos and dispose of all material as if it contained asbestos.  PDG further stated, "PDG reserves all of its contract and common law rights to claim for all direct and indirect costs, expenses, and damages it incurs to investigate and abate, demo, and/or dispose of existing material at the Plover Library after November 7, 2006, the date PDG completed its work in accordance with the contract documents."

21.     Between December 11, 2006 and December 31, 2006, PDG in fact completely removed and disposed of all existing ceiling material from the Plover Library, which was not contemplated by the specific terms of the District's contract documents.

22.     PDG incurred damages in an amount not less than $122,575.95 to completely remove and dispose of all existing ceiling material, which was not required or contemplated by the District's contract documents.

23.     Despite demands for an equitable adjustment of the contract price and time to complete additional work between December 11, 2006 and December 31, 2006, the District refused to compensate PDG for the additional work and refused to extend the contract completion date.

ADDITIONAL FORCE ACCOUNT WORK PERFORMED BY PDG AT THE DISTRICT'S DIRECTION

24.     After PDG completely removed and disposed of all ceiling material from the Plover Library, the District directed PDG to perform additional asbestos abatement and demolition work when the District discovered a second ceiling under the contract force account provisions.  PDG completed this additional work as directed by the District in one day and incurred $9,808.82 in additional costs.

25.     Despite demands for an equitable adjustment of the contract price and time to complete this additional work, the District refused to compensate PDG for the additional work and refused to extend the contract completion date.

PEEL BRIMLEY LLP
3333 E. Serene Avenue, Suite 200
Henderson, NV 89074
Phone: (702) 990-7272 ♦ Fax: (702) 990-7273

26.     Once the newly discovered second ceiling was removed, the District again directed PDG to perform additional work on the project and completely remove and dispose of plaster surfaces above imbedded light fixtures discovered after the plaster ceilings were removed.  PDG performed this demolition work as directed by the District between January 3, 2007 and January 21, 2007, at a cost to PDG of $134,585.29.

27.     Despite demands for an equitable adjustment of the contract price and time to complete additional work between January 3, 2007 and January 21, 2007, the District refused to compensate PDG for the additional work and refused to extend the contract completion date.

THE DISTRICT'S ASSESSMENT OF LIQUIDATED DAMAGES

28.     Despite the fact that the plans and specifications issued by the District were incomplete, inaccurate, defective, and misrepresented the asbestos abatement scope of work, which delayed and impacted PDG's work, the District assessed liquidated damages against PDG for failing to complete the work within the time allowed by the contract.

29.     Despite the fact that unknown and undisclosed asbestos was discovered after the original contract work was completed and the District directed PDG to perform work outside the original contract scope of work, which delayed and impacted PDG's completion of work, the District assessed liquidated damages against PDG for failing to complete the work within the time allowed by the contract.

30.     Despite the fact that the District interfered with and delayed PDG's ability to perform work as directed by the District, the District assessed liquidated damages against PDG for failing to complete the work within the time allowed by the contract.

31.     The District's acts and omissions solely and/or concurrently delayed PDG's completion of the contract work.

32.     The District has wrongfully assessed liquidated damages and failed to extend the contract performance period.

33.     The District's wrongful assessment of liquidated damages in the amount of $24,400.00 (61 days at $400.00 per day) constitutes a penalty and not a preset measure of uncertain damages the District would incur in the event of PDG's breach of the contract.

Amended Complaint for Damages - 7

PEEL BRIMLEY LLP
3333 E. Serene Avenue, Suite 200
Henderson, NV 89074
Phone: (702) 990-7272 ◆ Fax: (702) 990-7273

THE DISTRICT'S ASSESSMENT OF REMODEL CONTRACTOR CLAIM FOR DELAYED START OF WORK

34.    In addition to wrongfully and unlawfully assessing liquidated damages, the District has withheld $123,724.00 otherwise owing to PDG because Alten Construction, the remodel general contractor, filed a claims for alleged additional costs incurred when its start of work was delayed from November 1, 2006 to January 18, 2007.  The District's acts and omissions, and failure to mitigate its damages, are the sole cause of Alten Construction's damages, if damages where in fact incurred.

THE DISTRICT'S REFUSAL TO PAY PDG FOR CONTRACT WORK AND ADDITIONAL WORK PERFORMED AT THE DISTRICT'S DIRECTION

35.    PDG incurred costs in an amount not less than $470,048.52 to complete the original contract scope of work and all of the additional work performed at the District's direction.

36.    Despite repeated demand for payment beginning in November 2006, the District refused to pay PDG for the original contract work or the additional work performed at the District's request and direction until May 3, 2007, when the District issued payment in the amount $55,317.28.

## CAUSES OF ACTION

BREACH OF CONTRACT

37.    The District breached its contract with PDG when it unreasonably refused to pay PDG for the work performed to complete the original scope of work and the additional work performed at the District's request and direction, unreasonably refused to extend the contract completion date, and unreasonably refused to mitigate its damages caused by the District's own acts and omissions.

38.    As a direct and proximate result of the District's breach of contract, PDG suffered damages in an amount to be proven at trial and not less than $414,731.24, plus prejudgment interest on the liquidated sum, attorney fees and costs.

BREACH OF IMPLIED WARRANTY – SUFFICIENCY OF PLANS AND SPECIFICATIONS

39.    The District breached its implied warranty to issue constructions plans and specifications sufficient for PDG to perform the asbestos abatement work required by the District.

40.    As a direct and proximate result of the District's breach of its implied warranty, PDG suffered damages in an amount to be proven at trial and not less than $414,731.24, plus prejudgment interest on the liquidated sum, attorney fees and costs.

BREACH OF GOOD FAITH AND FAIR DEALING

41.    The District breached its implied duty of good faith and fair dealing when it refused to equitably adjust the contract price and contract time, directed PDG to perform work outside the contact scope, and refused to timely and fully compensate PDG for the work performed.

42.    As a direct and proximate result of the District's breach of its good faith and fair dealing duty, PDG suffered damages in an amount to be proven at trial and not less that $414,731.24, plus prejudgment interest on the liquidated sum, attorney fees and costs.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

PEEL BRIMLEY LLP
3333 E. Serene Avenue, Suite 200
Henderson, NV 89074
Phone: (702) 990-7272 ♦ Fax: (702) 990-7273

Amended Complaint for Damages - 9

1    WHEREFORE, plaintiff Project Development Group, Inc. prays for the following

2  relief:

3    1.    Judgment and award of damages against the District in an amount to be proven

4  at trial and not less than $414,731.24, plus prejudgment interest;

5    2.    Award of PDG's attorney fees and costs incurred; and

6    3.    Such other and further relief as the court deems just and equitable.

7    DATED this 4 th day of September, 2007.

8

9                                PEEL BRIMLEY LLP

10

11                               BRADLEY G. TAYLOR, ESQ., Pro Hac Vice
12                               2014 East Madison Street, Suite 100
                                 Seattle, Washington 98122
13                               Phone: (206) 770-3339
                                 Attorneys for Plaintiff Project Development
14                               Group, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PEEL BRIMLEY LLP
3333 E. Serene Avenue, Suite 200
Henderson, NV 89074
Phone: (702) 990-7272 ◆ Fax: (702) 990-7273

Amended Complaint for Damages - 10