**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PROJECT DEVELOPMENT GROUP,
INC., a Pennsylvania corporation,

          Plaintiff,

   v.

SONOMA COUNTY JUNIOR COLLEGE
DISTRICT, of the County of Sonoma,
State of California

          Defendants.
_____/

No. C 07-02987 WHA

**CASE MANAGEMENT ORDER
AND REFERENCE TO ADR
UNIT FOR MEDIATION**

      After a case management conference, the Court enters the following order pursuant to
Rule 16 of the Federal Rules of Civil Procedure ("FRCP") and Civil Local Rule 16-10:

1.      All initial disclosures under FRCP 26 must be completed by **SEPTEMBER 7, 2007**, on
pain of preclusion under FRCP 37(c).

2.      Leave to add any new parties or pleading amendments must be sought by
**SEPTEMBER 7, 2007**.

3.      The non-expert discovery cut-off date shall be **DECEMBER 14, 2007**.

4.      The last date for designation of expert testimony and disclosure of full expert reports
under FRCP 26(a)(2) as to any issue on which a party has the burden of proof
("opening reports") shall be **DECEMBER 14, 2007**. Within **FOURTEEN CALENDAR DAYS**
thereafter, all other parties may disclose responsive expert testimony with full expert

reports responsive to opening reports ("opposition reports").  Within

**SEVEN CALENDAR DAYS** thereafter, the opening parties may disclose any reply reports

limited solely to rebutting specific material in opposition reports.  Reply reports must

be limited to true rebuttal and should be very brief.  They should not add new material

that should have been placed in the opening report.  The cutoff for all expert discovery

shall be **FOURTEEN CALENDAR DAYS** after the deadline for reply reports.  In aid of

preparing an opposition or reply report, a responding party may depose the adverse

expert sufficiently before the deadline for the opposition or reply report so as to use the

testimony in preparing the response.  Experts must make themselves readily available

for such depositions.  Alternatively, the responding party can elect to depose the expert

later in the expert-discovery period.  An expert, however, may be deposed only once

unless the expert is used for different opening and/or opposition reports, in which case

the expert may be deposed independently on the subject matter of each report.  At least

**28 CALENDAR DAYS** before the due date for opening reports, each party shall serve a

list of issues on which it will offer any expert testimony in its case-in-chief (including

from non-retained experts).  This is so that all parties will be timely able to obtain

counter-experts on the listed issues and to facilitate the timely completeness of all

expert reports.  Failure to so disclose may result in preclusion.

5.    As to damages studies, the cut-off date for *past damages* will be as of the expert report

(or such earlier date as the expert may select).  In addition, the experts may try to

project *future damages* (*i.e.*, after the cut-off date) if the substantive standards for

future damages can be met.  With timely leave of Court or by written stipulation, the

experts may update their reports (with supplemental reports) to a date closer to the time

of trial.

6.    At trial, the direct testimony of experts will be limited to the matters disclosed in their

reports.  Omitted material may not ordinarily be added on direct examination.  This

means the reports must be complete and sufficiently detailed.  Illustrative animations,

diagrams, charts and models may be used on direct examination only if they were part

**United States District Court**
For the Northern District of California

of the expert's report, with the exception of simple drawings and tabulations that plainly illustrate what is already in the report, which can be drawn by the witness at trial or otherwise shown to the jury. If cross-examination fairly opens the door, however, an expert may go beyond the written report on cross-examination and/or redirect examination. By written stipulation, of course, all sides may relax these requirements.

7.    To head off a recurring problem, experts lacking percipient knowledge should avoid vouching for the credibility of witnesses, *i.e.*, whose version of the facts in dispute is correct. This means that they may not, for example, testify that based upon a review of fact depositions and other material supplied by counsel, a police officer did (or did not) violate standards. Rather, the expert should be asked for his or her opinion based — explicitly — upon an assumed fact scenario. This will make clear that the witness is not attempting to make credibility and fact findings and thereby to invade the province of the jury. Of course, a qualified expert can testify to relevant customs, usages, practices, recognized standards of conduct, and other specialized matters beyond the ken of a lay jury. This subject is addressed further in the trial guidelines referenced in paragraph 14 below.

8.    The last date to file dispositive motions shall be **JANUARY 10, 2008**. No dispositive motions shall be heard more than 35 days *after* this deadline, *i.e.*, if any party waits until the last day to file, then the parties must adhere to the 35-day track in order to avoid pressure on the trial date.

9.    The **FINAL PRETRIAL CONFERENCE** shall be at **2:00 P.M.** on **MARCH 17, 2008**. For the form of submissions for the final pretrial conference and trial, please see paragraph 14 below.

10.    A **JURY TRIAL** shall begin on **MARCH 31, 2008**, at **7:30 A.M.**, in Courtroom 9, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102. The trial schedule and time limits shall be set at the final pretrial conference. Although almost all trials proceed on the date scheduled, it may be necessary on occasion for a case to

**United States District Court**
For the Northern District of California

1    trial, meaning the trial may commence a few days or even a few weeks after the date

2    stated above, due to calendar congestion and the need to give priority to criminal trials.

3    Counsel and the parties should plan accordingly, including advising witnesses.

4    11.    Counsel may not stipulate around the foregoing dates without Court approval.

5    12.    While the Court encourages the parties to engage in settlement discussions, please do

6    not ask for any extensions on the ground of settlement discussions or on the ground that

7    the parties experienced delays in scheduling settlement conferences, mediation or ENE.

8    The parties should proceed to prepare their cases for trial.  No continuance (even if

9    stipulated) shall be granted on the ground of incomplete preparation without competent

10    and detailed declarations setting forth good cause.

11    13.    To avoid any misunderstanding with respect to the final pretrial conference and trial,

12    the Court wishes to emphasize that all filings and appearances must be made — on pain

13    of dismissal, default or other sanction — unless and until a dismissal fully resolving the

14    case is received.  It will not be enough to inform the clerk that a settlement in principle

15    has been reached or to lodge a partially executed settlement agreement or to lodge a

16    fully executed agreement (or dismissal) that resolves less than the entire case.  Where,

17    however, a fully-executed settlement agreement clearly and fully disposing of the entire

18    case is lodged reasonably in advance of the pretrial conference or trial and only a

19    ministerial act remains, the Court will arrange a telephone conference to work out an

20    alternate procedure pending a formal dismissal.

21    14.    If you have not already done so, please read and follow the "Supplemental Order to

22    Order Setting Initial Case Management Conference in Civil Cases Before Judge

23    William Alsup" and other orders issued by the Clerk's office when this action was

24    commenced.  Among other things, the supplemental order explains when submissions

25    are to go to the Clerk's Office (the general rule) versus when submissions may go

26    directly to chambers (rarely).  With respect to the final pretrial conference and trial,

27    please read and follow the "Guidelines For Trial and Final Pretrial Conference in Civil

28    Jury Cases Before The Honorable William Alsup."  All orders and guidelines

**United States District Court**
For the Northern District of California

1    referenced in the paragraph are available on the district court's website at

2    http://www.cand.uscourts.gov.  The website also includes other guidelines for

3    attorney's fees motions and the necessary form of attorney time records for cases

4    before Judge Alsup.  If you do not have access to the Internet, you may contact Deputy

5    Clerk Dawn K. Toland at (415) 522-2020 to learn how to pick up a hard copy.

6    15.    All pretrial disclosures under FRCP 26(a)(3) and objections required by FRCP 26(a)(3)

7    must be made on the schedule established by said rule.

8    16.    This matter is hereby **REFERRED** to the **ADR UNIT** for **MEDIATION**.

9

10    **IT IS SO ORDERED.**

11

12    Dated:  September 5, 2007.

13    _____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28