WADE R. DANN, Esq. (Pro Hac Vice)
BRADLEY G. TAYLOR, Esq. (Pro Hac Vice)
PEEL BRIMLEY, LLP
2104 East Madison Street, Suite 100
Seattle, Washington 98122
Phone: (206) 770-3339
Fax: (206) 770-3490
Email: btaylor@peelbrimley.com

DAVID ERICKSEN, Esq. (#153923)
SEVERSON & WERSON
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Phone: (415) 398-3344
Fax: (415) 956-0439

*Attorneys for Plaintiff Project Development Group, Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROJECT DEVELOPMENT GROUP, INC., a Pennsylvania corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SONOMA COUNTY JUNIOR COLLEGE DISTRICT, of the County of Sonoma, State of California,<br><br>Defendant. | CASE NO.: CV 07-02987 WHA<br><br>PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS |

COMES NOW plaintiff Project Development Group, Inc. ("PDG"), and answers defendant Sonoma County Junior College District (the "District") counterclaims as follows:

### ANSWER

1. Answering paragraph 1, PDG admits the allegation.

2. Answering paragraph 2, PDG admits it entered into a contract with the District and alleges that the terms of the written contract are set forth in the agreement. PDG denies the District's remaining allegations.

PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS - 1

3. Answering paragraphs 3, 4 and 5, PDG alleges that the terms of the written contract are set forth in the agreement and denies the District's remaining allegations to the extent the allegations differ from the written agreement.

4. Answering paragraph 6, PDG admits that the last day it performed the original contract work and directed extra and force account work required by the District was on or about January 17, 2007.

5. Answering paragraphs 7 and 8, PDG denies the allegations.

6. Answering paragraph 9, PDG alleges that the terms of the written contract are set forth in the agreement and denies the District's remaining allegations to the extent the allegations differ from the written agreement.

7. Answering paragraph 10, PDG alleges that it knew that Alten Construction entered into a contract with the District to remodel the Plover Library. PDG further alleges that it has no knowledge of the terms of the contract between the District and Alten Construction and therefore denies the District's remaining allegations.

8. Answering paragraph 11, PDG denies the allegations.

9. Answering paragraph 12, PDG admits that it received an Alten Construction claim from the District. PDG denies any remaining allegation by the District.

10. Answering paragraph 13, PDG alleges that the terms of the written contract are set forth in the agreement and that the District is withholding PDG's contract earnings which is the subject of PDG complaint in the above-captioned matter. PDG denies the District's remaining allegations.

11. Answering paragraph 14, PDG admits that World Environment and Energy, Inc. submitted a stop notice and alleges that the subject of the stop notice has been resolved.

12. Answering paragraph 15, PDG alleges that California Civil Code §3186 speaks for itself and denies the District's allegations to the extent the allegations differ from the statutory language.

PEEL BRIMLEY LLP
3333 E. Serene Avenue, Suite 200
Henderson, NV 89074
Phone: (702) 990-7272 ♦ Fax: (702) 990-7273

13. Answering paragraph 16, 17 and 18, PDG alleges that the terms of the written contract are set forth in the agreement and denies the District's remaining allegations to the extent the allegations differ from the written agreement.

14. Answering paragraph 19, PDG admits its claims were submitted to the District on or about February 3, 2007 and that the submittal speaks for itself. PDG denies the District's remaining allegations.

15. Answering paragraph 20, PDG denies the allegations.

16. Answering paragraph 21, PDG admits that it asserts the original contract scope of work was completed on or about November 7, 2006. PDG admits that NorBay Consulting inspected the Plover Library. PDG admits that it believes a "skim coat" substrate material existed under the acoustical ceiling texture. PDG admits that several tests were performed to determine whether the substrate material contained asbestos and that reports were generated, the content of which speak for themselves. PDG denies the District's all remaining allegations.

17. Answering paragraph 22, PDG alleges that the District does not set forth an allegation that requires an answer. To the extent an answer is required, PDG denies the allegations.

18. Answering paragraph 23, PDG admits it received test reports from the District. PDG denies the District's remaining allegations.

19. Answering paragraph 24 and 25, PDG admits submitting its written claims for additional compensation to the District on or about February 13, 2007, which speak for themselves. PDG denies the District's remaining allegations.

20. Answering paragraph 26, PDG denies the District's allegations.

### AFFIRMATIVE DEFENSES

1. The District fails to state a cause of action for which the Court can grant relief.
2. The District failed to mitigate its damages.
3. The District has unclean hands.
4. The District's claims are subject to setoff.

5. The District's own acts and omissions delayed PDG performance under the contract.

6. The District's damages, if any, were directly and proximately caused by the District's own acts and omissions.

7. The District's breach of contract and contract warranties excuse PDG's performance.

8. The District waived its affirmative defenses and/or counterclaims.

WHEREFORE, plaintiff Project Development Group, Inc. prays for the following relief:

1. Judgment and award of damages against the District as alleged in PDG's complaint;

2. Dismissal of the District's counterclaims with prejudice and without entry of judgment based upon the District's counterclaims;

3. Award of PDG's attorney fees and costs incurred; and

4. Such other and further relief as the court deems just and equitable.

DATED this 9th day of October, 2007.

PEEL BRIMLEY LLP

*[signature]*

WADE R. DANN, ESQ., Pro Hac Vice
BRADLEY G. TAYLOR, ESQ., Pro Hac Vice
2014 East Madison Street, Suite 100
Seattle, Washington 98122
Phone: (206) 770-3339
Attorneys for Plaintiff Project Development Group, Inc.

PEEL BRIMLEY LLP
3333 E. Serene Avenue, Suite 200
Henderson, NV 89074
Phone: (702) 990-7272 ♦ Fax: (702) 990-7273